[Civ. No. 15908. First Dist., Div. Two. Feb. 17, 1954.]

Estate of ABRAHAM LAPIDUS, Deceased. LEE LAPIDUS, Appellant, v. SAMUEL L. FENDEL, as Executor, etc., et al., Respondents.

Aaron N. Cohen, Allen M. Singer and Dinkelspiel & Dinkel-spiel for Appellant.

Samuel L. Fendel and Steiner, Goldstein & Brann for Respondents.

NOURSE, P. J.—This is an appeal by Lee Lapidus, sur-viving widow of decedent Abraham Lapidus, from an order and judgment denying and dismissing her contest of the premarital will of said decedent based on section 70 of the Probate Code which reads: "If a person marries after making a will, and the spouse survives the maker, the will is revoked. as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received."

The facts are undisputed. The contested will was executed on February 11, 1952. It provides in part: "I hereby de-clare that I intend to be married to Lee Friedman on or about the 16th day of February, 1952; that this instrument is made in contemplation of my said marriage; that my said marriage shall not revoke or affect this will in any respect." It disposes of his property in behalf of close relatives, without any provision for Lee Friedman, testator's wife. The last provision of the will reads in part: "I have purposely made no provision for any other person, whether claiming to be an heir of mine or not, and if any person, whether a benefi-ciary under this will or not mentioned herein, shall contest this will or object to any of the provisions hereof, I give to such person so contesting or objecting the sum of one dollar ($1.00) and no more, in lieu of the provision which I have made or which I might have made herein for such person so contesting or objecting." Decedent married Lee Lapidus, the contestant, then known as Lee Friedman, on February 16, 1952, and he died on June 29, 1952, contestant surviving him.

The court found that the will mentions the contestant, surviving spouse, in such a way as to show an intention not to make provision for her.

Appellant's only contention is that the will "does not indicate the essential intention not to provide for the future wife." The contention is devoid of all merit. "All the parts of a will are to be construed in relation to each other,

and so as, if possible, to form one consistent whole . . ." (Prob. Code, § 103.) If this rule of construction is applied to the stated provisions of the will they demonstrate on their face that decedent, in contemplation of his marriage with contestant on a named date (on which it thereafter actually took place), excluded her from all participation in his estate, expressly declaring that he did so on purpose. No clearer showing of an intention not to make provision for her is conceivable.

In *Estate of Duke,* 41 Cal.2d 509 [261 P.2d 235], the latest expression of our Supreme Court on this subject, it was held that the intention not to provide for the surviving spouse which excludes revocation under section 70, Probate Code, can even be expressed by an exclusionary clause referring to a future spouse in general terms. In our case there is an express mention of the future wife and the contemplated marriage. The ruling of the trial court was sound.

Order and judgment affirmed.

Dooling, J., and Kaufman, J., concurred.