[Civ. No. 52540. First Dist., Div. One. Apr. 21, 1983.]

Estate of ABRAHAM ALFRED COOPER, Deceased.
BERNICE COOPER, Petitioner and Appellant, v.
MICHAEL L. COOPER et al., Objectors and Respondents.

COUNSEL

Robert W. Speed for Petitioner and Appellant.

Harold Silen for Objectors and Respondents.

OPINION

BREINER, J.*—The decedent, Abraham Cooper, died November 6, 1979, and was survived by two adult children, several grandchildren, and his widow, Bernice. On August 25, 1978, several months after the death of decedent's former wife, Sara, decedent executed a will, leaving $5,000 in trust to each of his grandchildren and the residue to his two children. On January 3, 1979, decedent executed a codicil which stated, in part: "I intend to marry BERNICE SCHNEIDER in January, 1979, and this Codicil is made in contemplation of and shall not be revoked by the marriage. . . . In all other respects I confirm and republish my Will dated November 3, 1976."[1]

---

*Assigned by the Chairperson of the Judicial Council.

[1] The codicil was admitted to probate together with the 1978 will. The 1976 will, which was confirmed and republished by the codicil, was not considered by the trial court and was not of-

The decedent married Bernice Schneider on January 6, 1979, and remained married to her until his death. Following the probate of decedent's 1978 will and the codicil, Bernice petitioned to revoke the probate and to recover her intestate share of the decedent's estate. Respondents—the decedent's children and grandchildren—demurred to the petition on the ground, inter alia, that the codicil expressed the decedent's intention not to provide for Bernice.[2] The probate court, having determined that the codicil "specifically mentions the surviving spouse," sustained the demurrer without leave to amend and entered judgment dismissing the petition. Bernice now appeals.

## I

The question we are asked to address is whether the decedent's surviving widow is a pretermitted spouse entitled to inherit her intestate share of the decedent's estate. Probate Code section 70 provides: "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received. (Stats. 1931, ch. 281, § 70, p. 590.)" Under this section the surviving spouse receives her share of the estate by succession and the balance of the estate passes under the will. (See generally *Estate of Stewart* (1968) 69 Cal.2d 296, 298 [70 Cal.Rptr. 545, 444 P.2d 337]; *Estate of Paul* (1972) 29 Cal.App.3d 690 [105 Cal.Rptr. 742].)

Of the three exceptions listed in section 70, only the third is pertinent as to this appeal: was Bernice mentioned in the codicil in such a way as to show an intention on the part of decedent not to provide for her? We conclude that she was.

Obviously, Bernice's name was *mentioned* in the codicil, but that does not end our inquiry; we must decide whether the decedent manifested an intent to make no provision for her. In *Estate of Kurtz* (1922) 190 Cal. 146-148 [210 P.

---

fered for, or admitted to, probate. Although respondents have attached a copy of the 1976 will to their brief and have represented therein that that will contains the same provisions for disposition as does the 1978 will, the earlier will is outside the scope of review, being outside the record, and cannot be considered (*Knapp* v. *City of Newport Beach* (1960) 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90]), absent stipulation of the parties.

The issue presented to this court concerns the legal effect of the codicil within the meaning of Probate Code section 70; the provisions of the 1976 will are not determinative of that issue, and the absence of that will from the record before us is irrelevant. Nevertheless, at oral argument the parties stipulated that we may determine this appeal as if the trial court had the 1976 will before it at the time it ruled upon the demurrer, and further, that the trial court would have made the same ruling had it reviewed that will.

[2]Respondents' other grounds for the demurrer were (1) that the petition was not timely, having been filed beyond the 120-day period provided in Probate Code section 380; and (2) that a marriage contract between Bernice and the decedent, introduced in previous matters before the probate court, satisfies the conditions of Probate Code section 70.

959], the Supreme Court held that a will which disinherited "any person whomsoever, who if I died intestate would be entitled to any part of my estate" thereby sufficiently mentioned decedent's subsequently wed spouse, reasoning that any description of a class which would include her is enough manifestation of the testator's intent not to provide for such future spouse.

Later cases, although narrowing the broad rule of *Kurtz,* have found language less clear than that in the case at bar sufficient to meet the third exception in section 70. For example, in *Estate of Duke* (1953) 41 Cal.2d 509-514 [261 P.2d 235], language excluding " 'any person or persons who may, after the date of this will, become my heir or heirs *by reason of marriage* or otherwise' " was held sufficient; in *Estate of Lapidus* (1954) 123 Cal.App.2d 289 [266 P.2d 803], a clause virtually identical to that employed here (declaring testator's intent to be married to a named person, that the will is made in contemplation of such marriage, and that the marriage shall not revoke or affect the will) was also held sufficient to show the testator's intent not to provide for his future spouse.

*Estate of Poisl* (1955) 44 Cal.2d 147 [280 P.2d 789], *Estate of Paul, supra,* 29 Cal.App.3d 690, and *Estate of Green* (1981) 120 Cal.App.3d 589 [174 Cal.Rptr. 654], relied upon by appellant, are distinguishable. In *Poisl,* the future wife was mentioned in the will, but only as a legatee, with no reference to a forthcoming marriage; in *Paul,* the only references to the future wife were as alternate executor and as the testator's wife [although the will was executed a week before the marriage]; in *Green,* the will made no mention of the spouse, but did specifically disinherit a prior fiancee whom decedent never married. The common thread that runs through the recent cases involving prenuptial wills which has been found to be insufficient to avoid a revocation is the failure of the testator to indicate that he contemplated marriage. Exclusionary clauses which show such contemplation, even though the future spouse is not identified, have been held to avoid the statutory revocation.

■ Here, the decedent expressly declared his intent that his impending marriage to Bernice should not revoke the bequests he had made to his children and grandchildren in his will. His codicil, facially made in contemplation of his subsequent marriage, states "this Codicil [and the will republished therein] . . . shall not be revoked by the marriage."[3] No clearer showing of an intent not to make provision for Bernice could be made. (*Estate of Lapidus, supra,* 123 Cal.App.2d at p. 291.)

---

[3]We note that the language employed in the codicil conforms to the recommended language in California Will Drafting ((Cont.Ed.Bar 1965) § 3.6, p. 100).

## II

We find no merit in appellant's contention that the trial court improperly looked beyond the face of the petition and in effect treated the demurrer as a motion for summary judgment.

■ The court could properly consider the probated will and codicil as well as the petition; they were matters subject to judicial notice. (Code Civ. Proc., §§ 430.30, 430.70; Evid. Code, § 452; see *Weiner* v. *Mitchell, Silberberg & Knupp* (1980) 114 Cal.App.3d 39, 45-46 [170 Cal.Rptr. 533].)

In view of our decision, we need not reach the remaining issues raised by appellant.

The judgment is affirmed.

Newsom, Acting P. J., and Holmdahl, J., concurred.