Filed 6/4/14  Weinstock v. Rosenberg CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| DENISE WEINSTOCK, as Trustee, etc., | B248388 |
| Plaintiff and Respondent. | (Los Angeles County Super. Ct. No. BP108632) |
| v. | |
| JOEL ROSENBERG et al., | |
| Defendants and Appellants, | |

APPEAL from an order of the Superior Court of Los Angeles County.  Reva G. Goetz, Judge.  Affirmed.

Law Offices of Robert S. Fink and Robert S. Fink for Defendants and Appellants.

Sacks, Glazier, Franklin & Lodise LLP, Margaret Lodise, and Katherine McKeon, for Plaintiff and Respondent.

_____

Denise Weinstock is the trustee of the Jack Rosenberg and S. Shirley Rosenberg Revocable Trust (the Trust). Joel and Jere Rosenberg are beneficiaries of the Trust. In March 2013, Weinstock filed a petition for an order confirming the sale of real property belonging to the Trust and served notice of a hearing on the petition. Another beneficiary filed an objection on the ground that Weinstock had provided insufficient notice of the hearing under the Probate Code. At the hearing on the petition, appellants appeared and joined the objection based on alleged defective notice of the hearing. There were no substantive objections to the sale. The trial court confirmed the sale; appellants Joel and Jere Rosenberg appealed. We affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns the Trust, which was created pursuant to court order in 2007.[1] Under Section C.1, paragraph 6 of the Trust: "Any purchase or sale of the personal residence of the beneficiary may be made only if authorized by the Court pursuant to the rules applicable to conservatorships and guardianships." The same provision is repeated in a later section (Article Seven, paragraph D) regarding the Trustee.

On March 20, 2013, Weinstock, the Trustee, filed a report of sale and petition for order confirming sale of real property. The report indicated improved real property had been sold to a third party purchaser at a purchase price of $711,000. The report stated the terms of the Trust directed the sale of the property. The report further noted: "Property listed with very experienced broker for this type of property and location; property marketed to potential buyers via Multiple Listings and other forms of advertising; price obtained highest and best offer."

---

[1]     Weinstock has filed an unopposed request for judicial notice of the court order establishing the Trust. We grant that request. (Evid. Code, § 452, subd. (d); *Estate of Cooper* (1983) 142 Cal.App.3d 118, 122.)

On April 2, Weinstock served by mail a notice indicating the hearing on the confirmation petition would be held on April 23. On April 22, Trust beneficiary Todd Fronk filed objections to the report of sale and petition for confirmation order. Fronk argued Weinstock failed to provide the required minimum notice of the hearing. Specifically, Fronk asserted that under Probate Code section 17203, subdivision (a),[2] Weinstock was required to serve notice at least 30 days in advance of the hearing, but she had instead served the notice only 21 days in advance. Fronk contended this was a "fundamental error," and the court should, as a result, deny the petition for an order confirming the sale of the property.

Fronk did not appear at the hearing the next day. However, appellants appeared through counsel. Weinstock contended that pursuant to the terms of the Trust and Los Angeles Superior Court local rules, the sale of real property was governed by the rules applicable to conservatorships and guardianships; under those provisions, she was only required to serve notice of the hearing at least 15 days in advance. Appellants joined in Fronk's previously-filed objection and argued section 17200 mandated 30 days' notice of the hearing. In response to the court's question, counsel said appellants had no substantive objections to the sale other than the procedural issue of the notice of hearing. The court overruled the objection and issued an order confirming the sale. This appeal followed.[3]

---

[2] All further undesignated statutory references are to the Probate Code.

[3] In September 2013, appellants filed a notice of appeal from an order granting Weinstock's motion for protective orders and a motion to quash, as well as from an order assessing sanctions against their attorney; they also filed a petition for a writ of supersedeas. (*Rosenberg et al. v. Weinstock,* B251166.) We denied the petition, informing the parties there was no valid appeal pending. We indicated the appeal was from a nonappealable discovery order. Further, the challenged sanctions were imposed solely against appellants' attorney, thus appellants had no standing to appeal the order. We issued an order to show cause regarding dismissal as to the appeal. Appellants subsequently abandoned the appeal of the discovery order. Appellants' counsel separately appealed the sanctions order against him. That appeal is still pending. (*Rosenberg et al. v. Weinstock*, B251512.)

## DISCUSSION

Appellants' sole argument on appeal is the trial court erred in overruling their objection that Weinstock failed to provide the required 30 days' notice of the hearing on the petition to confirm the sale of real property. We disagree that Probate Code section 17203 required 30 days' notice of the hearing in this case. Further, even if Weinstock failed to provide the amount of notice required by statute, we would find no basis for reversal because appellants have demonstrated no prejudicial error.

As described above, the terms of the Trust establish that any sale of the personal residence of the beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships. This is consistent with Los Angeles Superior Court rule 4.116 (Trust Created or Funded Pursuant to Court Order), subdivision (b)(3) (local rule 4.116), which provides that trusts created or funded by court order, including trusts created pursuant to Probate Code section 2580 et seq. ("substituted judgment"), may include the following provision: "Any sale of a personal residence of the beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships. (Prob. Code, § 2540(b).) Such sales must be returned to court for confirmation. (*See* Prob. Code, § 10300 *et seq.*)."[4]

Division 4, Part 4, Chapter 6, Article 7 of the Probate Code sets forth the rules for sales of property in a guardianship or conservatorship, beginning with section 2540, which requires authorization and confirmation of the sale of a conservatee's personal residence. Section 2543 governs the "manner of sale." Under section 2543, subdivision (b): "Subject to Section 1469, unless otherwise specifically provided in this article, all proceedings concerning sales by guardians or conservators, publishing and posting notice of sale, reappraisal for sale, minimum offer price for the property, reselling the property,

---

[4]    The Trust in question was created pursuant to a court order granting a petition for substituted judgment. Although the record does not contain information indicating that the property was the personal residence of the beneficiary, both sides appear to understand this to be the case. Appellants do not contend section C.1, paragraph 6 and Article 7, paragraph D of the Trust did not apply because the property sold was not a personal residence as described in those sections.

4

report of sale and petition for confirmation of sale, and notice and hearing of that petition, . . . shall conform, as nearly as may be, to the provisions of this code concerning sales by a personal representative, including, but not limited to, Articles 6 (commencing with Section 10300), 7 (commencing with Section 10350), 8 (commencing with Section 10360), and 9 (commencing with Section 10380) of Chapter 18 of Part 5 of Division 7."

Division 7, Part 5, Chapter 18, Article 6, concerns the sale of real property. Under section 10308, subdivision (a), sales of real property are to be reported to and confirmed by the court before title to the property passes to the purchaser. Under section 10308, subdivision (c): "Notice of the hearing on the petition for confirmation filed under subdivision (a) or (b) shall be given as provided in Section 1220 to the persons designated by that section . . . ."

Section 1220 provides: "When notice of hearing is required to be given as provided in this section: (1) At least 15 days before the time set for the hearing, the petitioner or the person filing the report, account, or other paper shall cause notice of the time and place of the hearing to be mailed to the persons required to be given notice." We therefore agree that pursuant to the terms of the Trust, Weinstock was only required to mail notice of the hearing 15 days in advance.

Appellants assert that instead of the above provisions, Weinstock was required to comply with section 17200, which provides that a trustee or beneficiary of a trust may "petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." (§ 17200, subd. (a).) Under section 17203, when such a petition is filed, notice of the hearing must be mailed at least 30 days before the hearing. Even assuming this provision would generally apply to Weinstock's petition, we are not persuaded it would invalidate Weinstock's notice here. Under section 17203, the time for giving notice of a petition may be shortened as to beneficiaries.[5] Consistent with

---

[5]    Section 17203, subdivision (a) requires that notice of hearing be mailed at least 30 days before the hearing to all trustees, and all beneficiaries. Section 17203, subdivision (b) requires the petitioner to serve notice of the hearing and the petition on any person, "other than a trustee or beneficiary, whose right, title, or interest would be affected by the

5

section 17203, and in accordance with the terms of the Trust, the court could allow a shortened period of notice, to a beneficiary, of the sale of a personal residence.

In any event, there is a more significant flaw in appellants' arguments on appeal. Appellants have failed to show any prejudice to them resulting from Weinstock's mailing the notice of hearing 21 days in advance, rather than 30 days. As explained in *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, to obtain a reversal based upon a procedural flaw, such as inadequate notice of hearing, "the appellant must demonstrate not only that the notice was defective, but that he or she was *prejudiced*. [Citations.] . . . 'Procedural defects which do not affect the substantial rights of the parties do not constitute reversible error. [Citation.]' " (*Id.* at p. 1289.) Appellants at no time argued they were unable to adequately prepare for the hearing or formulate objections due to the shortened notice period; further they did not ask for a continuance at the hearing so they might prepare objections. Indeed, when asked if they had *any* substantive objections to the petition seeking confirmation of the sale, their counsel responded "no."

Similarly, on appeal, appellants do not even attempt to articulate any prejudice they have suffered as the result of having a shortened notice period. Although allegedly defective, appellants did receive sufficient notice such that they were apprised of the hearing and entered an appearance. In the lower court, appellants admitted they had no substantive basis to object to the petition for confirmation of the sale. Without any substantive objections to the petition for confirmation of the sale, appellants cannot demonstrate it is reasonably probable that, absent alleged error in the trial court's ruling allowing a shortened notice period, the ultimate outcome of the hearing would have been more favorable to them. (*Citizens for Open Government v. City of Lodi* (2012) 205

_____

petition and who does not receive notice pursuant to subdivision (a). The court may not shorten the time for giving notice under this subdivision." The difference between these two subdivisions indicates that as to trustees and beneficiaries, the time for giving notice of hearing *may* be shortened, consistent with section 1203, subdivision (a): "[U]nless the particular provision governing the notice of hearing provides that the time for giving notice may not be shortened, the court may, for good cause, shorten the time for giving a notice of hearing."

Cal.App.4th 296, 308.)  Thus, even if the notice of hearing was improperly served nine days too close to the hearing, appellants have identified no reversible error.[6]

## DISPOSITION

The order is affirmed.  Respondent is to recover her costs on appeal.

                                                BIGELOW, P. J.

We concur:

RUBIN, J.

FLIER, J.

---

[6]     At oral argument, appellants' counsel appeared to indicate that, after the hearing and ruling at issue in this appeal, Fronk filed substantive objections.  The record in this appeal contains no such objections.  We may not consider matters outside of the record.  We also do not consider issues or facts occurring after the relevant judgment or order, and we need not consider arguments raised for the first time at oral argument.  (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882; *Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463.)  We also note that even if *Fronk* had substantive objections to the sale, this does not necessarily have any bearing on the issue of prejudice to appellants, who expressly stated at the hearing in the trial court that *they* had no substantive objections.